MAC CONSTRUCTION COMPANY, INC., v. THRASHER CONTRACTING COMPANY.

(Filed 10 July 1968.)

1. Contracts § 1—
    Persons *sui juris* have a right to make any contract not contrary to law or public policy.

2. Contracts § 12—
    The court can only interpret a contract and cannot make a new one for the parties.

**3. Contracts § 3— Unambiguous excavation contract does not permit an interpretation that parties contemplated a different result.**

A subcontract for the excavation and clearing of a drainage canal which provided that the "exact location of such clearing shall be such as is pointed out to the subcontractor herein by the contractor" is clear and unambiguous and leaves no room for interpretation or doubt as to the meaning thereof, and where the defendant contractor directs the plaintiff subcontractor to clear the canal channel and a ten-foot right of way on one side of the canal but does not allow plaintiff to clear in addition the fifty-foot right of way on the other side of the canal, plaintiff may not complain that the parties contemplated a different division of the work or that the impracticability of using machinery on the ten-foot right of way only would render the clearing operation economically prohibitive.

APPEAL from *Hall, J.,* 4 December 1967, Civil Session, BRUNS-WICK County Superior Court.

Defendant had a contract with Wayne County dated 11 June 1966 providing for channel improvement within the Bear Creek Watershed. Some years before, a drainage canal had been constructed, but it had grown up with underbrush, trees, and debris of various kinds. Defendant's contract with Wayne County provided for the clearing of the canal itself, the deepening of the canal bed, and the clearing of the canal right of way. On one side of the canal, the right of way extended about ten feet from the top of the bank of the canal. On the other side, the right of way extended fifty feet from the top of the bank of the canal. These distances varied at different places along the canal which extended for several miles. The debris removed from the right of way and from the bed of the canal itself was to be placed along the outer edge of the side with the fifty foot right of way or shoulder. This side of the canal was known as the "soil side."

The contract between the defendant and Wayne County provided for the defendant to be paid a unit price per cubic yard for excavation and a unit price per acre for clearing. There was a time limit of 396 days and a penalty clause of $112 per day for each additional day beyond that time.

Under date of 28 July 1966, the defendant entered into a contract with the plaintiff, pursuant to which a portion of the work to be done by the defendant under its contract with Wayne County was to be subcontracted to the plaintiff. The contract between the plaintiff and the defendant referred to the principal contract between the defendant and Wayne County and particularly to the specifications.

It is the subcontract between the plaintiff and the defendant which is involved in this action. The subcontract provided for the plaintiff to do up to $25,000 in gross volume of the excavation work

and stated: "It being understood that the work is to commence at station 605 + 48, but thereafter the work will be done at such locations as are designated" by the defendant. The subcontract further stated:

"It is further agreed and understood that the 'subcontractor' herein hereby shall have contract rights to perform up to Twenty-five Thousand ($25,000.00) Dollars in gross volume of work in clearing acreage of trees and shrubbery and stumps at a unit price of Two Hundred Fifty ($250.00) Dollars per acre. The exact location of such clearing shall be such as is pointed out to the 'sub-contractor' herein by the 'contractor.' This work must also proceed according to the time schedule; time being of the essence in this sub-contract and the failure of the 'subcontractor' herein to maintain a schedule of completion as is set forth by the 'contractor' herein shall operate to give the 'contractor' herein the right to cancel this contract with the 'subcontractor' and proceed to the completion of this job by other means * * *."

The subcontract further provided that the plaintiff would commence work within ten days after receiving written notification from the defendant to proceed.

Pursuant to such notification, Mr. W. J. McLamb, Sr., president of the plaintiff, met Mr. Thrasher of the defendant at the job site on 22 October 1966 for the purpose of being shown where the plaintiff would perform its part of the contract.

At that meeting Mr. Thrasher, on behalf of the defendant, pointed out to Mr. McLamb that the plaintiff would be expected to clear the canal channel and the ten foot shoulder and would not have anything to do with clearing the fifty foot shoulder. At the same time the plaintiff received notice to commence work.

Plaintiff did not commence work within the ten day period after receiving notice to do so and instead claimed that it would be "impossible from a practical standpoint for Mac Construction Company to do this work on these terms." Upon failure of the plaintiff to commence work within the ten day period, the defendant declared the contract breached and proceeded with the work by other means.

Plaintiff instituted this action for damages. At the close of plaintiff's evidence, judgment of nonsuit was entered and plaintiff appealed.

*Herring, Walton, Parker & Powell by Ray H. Walton, Attorneys for plaintiff appellant.*

*Taylor, Allen, Warren & Kerr by W. F. Taylor, Attorneys for defendant appellee.*

CAMPBELL, J. The plaintiff takes the position that it would be prohibitive cost-wise and impractical for it to be confined to clearing only the bed of the old canal and the ten foot shoulder; that this work would entail mostly hand work, the removal of the debris from the ten foot shoulder across the canal bed, and the debris out of the canal bed up and across and to the outer edge of the fifty foot shoulder. Very little of this work could be done by machinery because of the terrain and location; whereas, all of the clearing on the fifty foot shoulder could be done by machinery and at a much cheaper cost per acre. The plaintiff contends that the parties contemplated by their contract a division of the work whereby the plaintiff would commence work "at station 605 + 48" but would proceed from that point for such distance as might be designated, but from and to the outside boundaries of the right of way, thereby giving the plaintiff not only the ten foot shoulder and the canal bed but also an equal proportion of the fifty foot shoulder. The defendant, on the other hand, contends that no such provision was made in the contract and that the contract itself provided: "The exact location of such clearing shall be such as is pointed out to the 'sub-contractor' herein by the 'contractor.' "

Mr. McLamb, president of the plaintiff testified: "Yes, but I didn't expect him to divide it no such a way as he divided it."

The plaintiff tendered evidence to show the relative costs of clearing the various types of terrain involved which ranged from $500 per acre for the ten foot shoulder and the bed of the old canal to $75 per acre for the fifty foot shoulder of the right of way. The trial court refused to permit this testimony and at the conclusion of the plaintiff's evidence entered a judgment of nonsuit.

"Persons *sui juris* have a right to make any contract not contrary to law or public policy." *Fulcher v. Nelson,* 273 N.C. 221, 159 S.E. 2d 519.

In the instant case the contract was in writing and both the plaintiff and the defendant were competent to enter into the contract into which they did enter, and if plaintiff expected a different division of work, plaintiff should have had it inserted in the contract. The court can only interpret a contract and cannot make a new contract for the parties. The words of the contract are clear and "(t)he exact location of such clearing shall be such as is pointed out to the 'sub-contractor' herein by the 'contractor' " leaves no room for interpretation or doubt as to the meaning thereof. The defendant had the right to point out where the clearing should be performed by the plaintiff and did so. The fact that this may have been improvident or impractical to perform from a cost standpoint was a

matter that should have been contemplated by the plaintiff and its president, an experienced grading contractor.

In the trial, we find

No error.

BRITT and MORRIS, JJ., concur.